## JOHN STILSON *et al. vs.* CHARLES GREELEY *et. al.*

*Objection to the misuse of the process of the Court for the purpose of acquiring jurisdiction of the person, must be made at the first opportunity and before plea, or it will be deemed waived. It will not be heard on a motion to change venue after appearance and issue joined*

*In a transitory action the defendant who might have objected to the jurisdiction over his person, will be deemed to have waived such objection, after issue joined.*

*Trover for logs cut from land is not a local action but will be tried in any court obtaining jurisdiction of the person.*

*Title to land cannot be tried in a transitory action against the actual occupant claiming adverse title.*

*St. Clair Circuit, 1871.*

Motion to change venue.

This suit was commenced by summons issued November 9th, 1869, returnable the 1st Tuesday of December, 1869, and served on some of the defendants November 9, 1869. Orrin Erskine, was not served.

On the 27th of November, 1869, Mr. Chadwick entered the appearance of the defendants served.

The declaration was filed on the 27th of December, and plea filed January 27th, 1870.

April 26th, a stipulation was made for taking the testimony of defendant's witnesses at Alpena, and that the cause should stand for trial at the ensuing May term. The cause was not reached or for some other reason went over that term.

The cause was noticed for trial at the September term, 1870, and tried 29th, the jury failing to agree upon a verdict.

November 8th, 1870, the defendants made and filed an affidavit and entered a motion for change of venue.

STILSON *et. al. vs.* GREELEY *et. al.*

Motion brought on to be heard this day, August 7th, 1871, efforts having been made to have it heard at former times, but delayed for want of time or convenience of parties.

The affidavit upon which the motion is based, alleges :

That the action is trover for lumber and logs cut from lands in Alpena County.

That the whole subject matter of the suit arose in Alpena County.

That all the defendants were at the commencement of the suit and still are residents of Alpena County, except Charles Oldfield, who is a non-resident of the State, residing in Ontario.

That neither of the plaintiffs were residents of St. Clair County at the time of commencement of suit.

That defendants have, as advised by counsel, a good and substantial defence on the merits.

That by a device and trick, under pretence of a subpœna to testify in a case not then at issue, defendants were brought into St. Clair County, where process was served upon them and that such service while under a subpœna as witnesses was an abuse of the process of this Court—yet, the defendants believing they had a good defence, pleaded in this cause and went to trial, when the jury disagreed.

That each of the defendants is a material witness in the cases and twenty other persons, naming them, all residents of Alpena County, are also material witnesses for the defendants, most of them as to the value of the property alleged to have been converted, making twenty-three in all, and without the testimony of each they cannot safely proceed to trial.

This affidavit is made by two of the defendants and the one not served, and who does not appear. The other defendant does not join in the affidavit, nor is any reason shown why he does not, except that he is stated to be a resident of Ontario, and a non-resident of this State.

The depositions of George and Charles Erskine, and Charles Greeley, three of the defendants, and three of the other witnesses named, were taken under the stipulation, and filed June 29th, 1870.

The counter affidavit of plaintiffs states :

That both of the plaintiffs are residents of St. Clair County, but

it does not state that they were at the commencement of the suit.—
That they have a large number of material witnesses who reside in
St. Clair County, naming them, including themselves, thirteen in all,
each of whom is material.

*By the Court,* MITCHELL, J.—The first question raised in the
motion, and perhaps the one most seriously urged, is, that the ser-
vice upon the defendants was procured by the fraudulent use of the
process of this Court, a subpœna issued, as is claimed, for the pur-
pose of bringing the defendants within this jurisdiction, for the sole
purpose of commencing this suit in this county, and not in good
faith to procure their attendance as witnesses in a cause at issue.

If before appearance generally or pleading, a motion had been
made to dismiss the suit or quash the writ for that reason, and the
fact had been satisfactorily established, there would have been no
hesitation in granting the motion.

The use of the process of the Court under one
pretext and for an entirely different purpose such as forcing a party
within the jurisdiction of the Court to get service would be a gross
abuse of the process and machinery of the Court, and would not be
allowed when brought to the notice of the Court in proper time.—
But if the party comes into Court and voluntarily pleads and sub-
mits to the jurisdiction, he cannot afterwards take advantage of the
improper manner in which the jurisdiction was acquired.

Such a motion is in the nature of a plea in abatement, which
is never received after plea in bar, unless pleaded *puis darien
continuance,* for such reason arising since the last continuance.—
1 *Burrill's Practice,* 152.

If the subject matter is not within this jurisdiction, that may
be taken advantage of under the "general issue" whenever the
want of jurisdiction is made apparent.

It is therefore unnecessary to pass upon the question
whether any such fact has been established, and I do not pass
any opinion upon what has been proved or not proved in that
respect.

It is clear that the manner of acquiring jurisdiction of the
person of the defendant, is not proper matter to be considerep
on a motion to change the venue.

The second reason is that the defendants and their wit-

nesses, to a large number, reside in a distant county, where the cause of action arose, and it is at great inconvenience that they or their testimony can be procured in this county.

The plaintiffs also show that they have a large number of witnesses resident in or near St. Clair County and at a distance from Alpena.

The affidavit to change venue should properly be made by all the defendants served with process unless they suffer default and refuse to appear; at least, they must all join in the motion.

If the motion is grounded upon the convenience of parties and witnesses, the affidavit should state the names of the witnesses residing in the county to which the venue is proposed to be changed and their residence, stating the town, village or particular place of residence, in addition to the county; 6 *Cowan*, 389; 1 *Hill*, 671; 1 *Howard*, 195; and that each and every one of them is material to the defence, as the defendants are advised by counsel and verily believe, and that without the benefit of the testimony of each and every one of them they cannot safely proceed to trial, as advised by counsel and as they verily believe, and that they have a good and substantial defence on the merits, as advised by counsel and as they verily believe, and if not made by all the defendants it should show the reason why. It is well to state also the nature of the controversy, and when the cause of action or the defence arose, and these facts should be taken into consideration in fixing the place for trial.

The plaintiff may resist the motion by showing material witnesses residing in or near the county where the venue is laid. In the State of New York, the plaintiff under their *Nisi Prius* practice, where in a case in the Supreme Court the plaintiff laid the venue in any county most convenient to himself, or even by his own caprice, the plaintiff was required in order successfully to oppose the motion, to swear unqualifiedly that he had witnesses in or near the county, of an equal or greater number with the defendant, or the venue would be changed.

Special rules as to changing venue in that State were required and made growing out of this judicial system.

There is no doubt that all required by these rules for the defendant to show in order to change a venue should be re-

quircd here.    Whether as full a showing will be required to . defeat the motion, would be subject of doubt.

In some of the cases it is said that if a party swears to a great number of witnesses as material, it will be considered as a fraud upon the Court, especially upon questions of value, unless so explained as to satisfy the Court that the number of witnesses is necessary.

I have given these rules somewhat at large not as criticisms on the affidavits presented, as most of the rules are complied with, but because motions to change a venue in this State are rare and seldom made, at least the Supreme Court has never had occasion to pass upon any such motion, or rather no such matter has found its way into the reports, and from the nature of the motion, it being discretionary with the Circuit Courts, it is highly improbable that our Supreme Court will be called to decide upon the subject

Our statute provides (Sec. 3420 *Comp. Laws,*) that each of said (Circuit) Courts, upon good cause shown, may change the venue of any cause pending therein, &c.

Unless there is a clear abuse of this discretion, the decision of the Circuit must be final.

There is, however, another rule as to changing venue not yet considered ; that is as to the time when the motion should be made, if the change is sought for the convenience of parties and witnesses.

It ought regularly to be made before issue . joined—4 *Cowen,* 554 ; 11 *Wendell,* 186 ;—but it may be made after issue, if a trial has not been lost, and no delay will be produced, otherwise it will be refused.

In this case the defendants have not only plead, but have taken the deposition of all the defendants and other of the witnesses named in their affidavit, and have gone to trial and had a disagreement of the jury    It would seem rather late now to make or grant the motion at so late a stage in the case for the convenience of parties and witnesses.

There is still another question raised by the motion, and that is whether the action as stated and claimed is local or transitory.

The act of 1861, *Sess. Laws,* p. 173, and as re-enacted in 1871, *Sess Laws,* '71, p. 37, makes the action of trespass on lands, or trespass on the case for direct or consequential damages to personal

property, when the defendant is not an actual resident of the county in which such lands are, a transitory action.

Sec. 2, of chapter 103, of *Revised Statutes;* Sec. 4344, of *Comp. Laws,* as amended in 1869—*Sess. Laws,* '69, p. 9, provides :

" Issues of fact shall be tried in the proper county, as follows :

" 1. Actions for the recovery of any real estate or for the recovery of the possession of real estate ; actions for trespass on lands, and actions of trespass on the case, for injuries to real estate, shall be tried in the county where the subject of the actions shall be situated.

" 2. Actions of slander, for libels, and all other actions for wrongs, and upon contracts, shall be tried in the county where one of the parties shall reside at the time of commencing such action, unless the Court shall deem it necessary for the convenience of parties and their witnesses, or for the purpose of a fair and impartial trial, to order such issue to be tried in some other county, in which case the same shall be tried in the county so designated."

This amendment is a *verbatim* re-enactment of the section as it stood in the *Compiled Laws,* except the words, " joined in such actions," are left out, which under the law as it was, would appear to limit the provision to actions arising in Probate Courts. The repeal of this provision as to Probate Courts, made it necessary to re-enact section 2, of the chapter, and make it applicable to all issues of fact.

By the defendant's affidavit it appears that all the defendants but one, (who is a non-resident of the. State,) were and are residents of Alpena County, and that neither of the plaintiffs at the time of commencement of suit was a resident of St. Clair County.

This is not denied by plaintiffs except they swear they are non-residents, &c., but I think it an objection to the local jurisdiction of the person that should have been made and taken advantage of. before issue joined, or at least before proceeding to trial, and that this objection has been clearly waived.

" If a defendant in a transitory action appear without objection, the Court will have jurisdiction although the action be improperly brought in a county where neither of the parties reside, but it will be otherwise in the case of a local action." *Webb vs. Godard,* 46 *Maine,* 505.

STILSON *et. al. vs.* GREELEY *et. al.*

But the defendant's affidavit also states that the action is for trover for the conversion of logs in Alpena County, cut from lands in that county, and that the real subject matter of the suit is for trespass on lands and the conversion of logs taken by the alleged trespass on lands in that county, the defendants claiming to have cut them under a license from one of the plaintiffs, and that the whole subject matter including the alleged conversion arose in the county of Alpena, a duly organinzed county, having a Court, &c.

This allegation or statement is not denied by the plaintiffs in their counter affidavits, and must be taken to be established or admitted to be true.

The action is for trover to recover the value of logs and lumber. From the nature of the case as stated in the affidavit, it would appear necessary for the plaintiff to prove title to the lands, (it being wild or unoccupied land) to show ownership of the logs, but the ownership of the land is not disputed, and it can scarcely be said to be an action of trespass on the case for injuries to real estate. A suit in trover, waives or passes by the the injury to the realty, and seeks to recover the value of the chattels severed and converted without regard to the injury to the land.

But it is claimed that it has been decided in some of the States, especially Pennsylvania, "that the right of property in a chattel that has become such by severance from the freehold, connot be tried in a transitory action;" citing *Prwel vs. Smith,* 2 *Watts,* 127 ; *Brown vs. Caldwell,* 10th *of Sergeant & Rawle,* 114 ; *Mather vs. Trinity Church,* 3 *S. & R. ; Baker vs Howell,* 6 *Id.*

Upon a careful examination of these authorities it is manifest that they only apply to cases where the owner of real estate out of possession, seeks to recover from the adverse occupant the value of timber, coal, &c., cut or removed by the occupants claiming title, and in effect they only decide that the title to the realty cannot be tried in a transitory action against the actual occupant.—No case goes so far as to say that title to unoccupied lands cannot be shown in a transitory action for the purpose of showing the ownership of the property severed.

In this case the defendants base their claim upon a license from the plaintiff and so admit their title and ownership so far as appears by the papers submitted on this motion.

In view of the whole case and its present situation in Court, I must decide against the motion to change the venue.

Motion overruled, &c.